## GINN *v.* GINN.

PARENT AND CHILD.—*Bounty.*—Where a father had not forfeited his right to the custody and earnings of his son, who was but sixteen years of age, and not liable to military duty, he was entitled to a local bounty paid upon the son's entering the military service.

APPEAL from the Henry Common Pleas.

Ginn *v*. Ginn.

WORDEN, J.—This was an action for money had and received, by the appellee against the appellant. It was an action by a son against his father. Issue, trial, verdict and judgment for the plaintiff below, a new trial having been denied the defendant, and he having duly excepted.

A bill of exceptions shows the following case made by the evidence, and instruction given by the court:

In the fall of 1864, under the call of the President of the United States for three hundred thousand men, to serve as soldiers in the army of the United States, Henry county, Indiana, was required to raise a certain number of men, and if not otherwise raised, the citizens of the county subject to military duty were liable to be drawn into the service; and the board of commissioners of the county, for the purpose of avoiding the draft, and inducing persons to volunteer in the service and fill the quota of the county under the call, offered a bounty of three hundred dollars to each volunteer; the plaintiff, who is a son of the defendant, volunteered as a soldier in the service of the United States, under the call, to be credited to said county, and thereby, when mustered into the service, became entitled to the bounty. The plaintiff was then under the age of sixteen years, and volunteered as aforesaid without the consent of his father. The defendant, upon being informed that the plaintiff had thus volunteered, went to the camp where his son was, and where the troops were being collected, for the purpose of demanding his discharge. The bounty money was then in the hands of the captain of the company in which the plaintiff had volunteered. The captain was anxious that the plaintiff should be allowed to go into the service, and the plaintiff also desired to do so. The defendant at first objected to his son's going, but finally told the captain that if his son did go, he should claim the three hundred dollars bounty money as his own, which the captain thereupon paid over to him, and he consented that his son might go into the service as a volunteer.

This action is brought to recover the money thus paid to the defendant, with the interest thereon.

The court charged as follows: "The plaintiff sues the defendant for money received by the defendant for the use of the plaintiff. As a general rule, the father is entitled to the work, labor, and time of his minor son; and the earnings of the son belong to the father. The theory of the plaintiff in this case is, that at the age of fifteen he was residing with the defendant, his father; that by reason of the cruel treatment of the plaintiff by the defendant, he, the plaintiff, was driven from home and compelled to remain away from his father's house; that whilst thus absent from home, still being under sixteen years of age, the plaintiff enlisted and was mustered into the service of the United States, which entitled him to a local bounty of three hundred dollars, given by Henry county; that said bounty was received by the defendant. If you believe from the evidence that the plaintiff, while under sixteen years of age, volunteered in the army of the United States, and that Henry county gave him three hundred dollars as a bounty, and that the defendant received said bounty from the county, he would be trustee for his son for said sum, and on the son's arrival of age the father would be liable to the son for the money thus received."

This charge seems to us to be radically wrong. It begins with a correct statement of the law, as a general rule, that a father is entitled to the time, labor, and earnings of his minor son. It then states the plaintiff's theory of the case, that he was driven from home by the cruelty of his father, and while thus driven from home he enlisted and became entitled to the bounty. The bill of exceptions does not profess to set out all the evidence, but only enough to show the relevancy of the charge given. We are not informed, therefore, whether there was any evidence to support the plaintiff's theory as thus stated. But supposing there was, the charge proceeds to lay down a legal proposition, wrong in itself as applied to the facts which do appear, which made any inquiry into the truth of the plaintiff's theory unnecessary, and which entitled the plaintiff to recover, regardless of any

question whether the father had, by his cruelty or otherwise, emancipated his son and given him a right to his own time and earnings. It states the unqualified proposition, that if the plaintiff, while under sixteen years of age, volunteered into service in the army of the United States, for which Henry county gave him a bounty, and the bounty was received by the defendant, he would be liable to the plaintiff therefor as his trustee.

The rights and duties of parents in reference to their minor children are reciprocal. While, on the one hand, it is the duty of a parent to provide his minor children with a home and sufficient maintenance, so, on the other, he is entitled to their earnings and the custody of their persons. The obligation and the right go together. 1 Pars. Con. 309.

Unless the father had in some way forfeited his right to the custody and earnings of his son, nothing of which appears in the case, he was entitled to the bounty received by him for the services of his son as a volunteer in the army of the United States. There can be no essential difference in principle between this and any other kind of services or earnings. We speak of the case as it is, the son being but sixteen years of age and not liable himself to military duty, and not receivable as a volunteer against the consent of his father. Had the son been eighteen years of age, perhaps the rights of the parties would have been different; we express no opinion upon the point, however.

It is claimed that the charge given was correct, on the theory that the bounty given by the county was a mere gift to the volunteer, and that, as such gift, the plaintiff, in the present instance, and not his father, was entitled to it. We do not regard the transaction as a gift. It had all the elements of a contract. The money was paid by the county to relieve her citizens from liability to be drawn into the military service by filling her quota, and in consideration of the volunteer entering the service and being credited to the county. The volunteer entered the service in consideration,

in part at least, of the bounty thus to be paid to him. It was a contract for services on the one hand, and for pay on the other. At the time the contract was made, the board of commissioners may not have had the power to make it; but their action was subsequently ratified by the legislature.

On the case made, as stated, the defendant was entitled to retain the money; and the judgment must be reversed for the erroneous charge given.

The judgment below is reversed, with costs.

*J. T. Elliott*, for appellant.

*D. M. Bradbury, J. B. Martindale,* and *I. L. Bloomer,* for appellee.